# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                       No. CR 19- 0567 JB

CLARENCE GARCIA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Garcia's Sentencing Memorandum and Objections to Pre-Sentence Report, filed December 2, 2019 (Doc. 35)("Objections"). The primary issue is whether Defendant Clarence Garcia is entitled to credit for the time he has spent in federal custody. See Objections at 2-3. Although the Court has no authority to direct the United States Bureau of Prisons ("BOP") how to calculate Garcia's credit for time he served in federal custody, the Court will make sure that the face page of the Pre-Sentence Investigation Report, filed November 18, 2019 (Doc. 31)("PSR"), reflects accurately how long Garcia has been in custody and will hear arguments at the sentencing hearing on Garcia's objection and variance request before it issues his sentence.

On September 13, 2019, Garcia pled guilty to a one-count information alleging Abusive Sexual Contact in violation of 18 U.S.C. §§ 1553 and 2244(a)(5). See PSR at 4. Although the Guidelines recommend a sentence of life imprisonment for this offense, the United States, pursuant to a written plea agreement and rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, agrees that a sentence of 120 to 180 months is appropriate. See PSR at 4.

Garcia was previously convicted in Santo Domingo Pueblo Tribal Court of charges relating to this case on March 12, 2014, for which he was sentenced to three years of incarceration. See PSR at 1. Garcia was released from tribal prison on March 12, 2017. See PSR at 1. On March 28, 2019, a writ of habeas corpus ad prosequendum was issued for Garcia, who was then in the New Mexico Corrections Department's custody on charges unrelated to this case. See PSR at 1-2. Garcia says that he "was serving an 18-month (542 days) sentence in the New Mexico Department of Corrections for [Aggravated Indecent Exposure] when he was brought into federal custody on the instant matter on April 3, 2019." Objections at 3. In the PSR, the United States Probation Office ("USPO") identifies that, "[p]ursuant to U.S.S.G. § 5k2.23, a downward departure may be appropriate to account for the defendant's time in [tribal] custody." PSR at 1. The PSR asserts, however, that because Garcia is "currently receiving custodial credit toward another sentence, . . . he will receive no credit for time in custody for the instant offense." PSR at 2.

In his Objections, Garcia asserts that he began his State sentence on October 9, 2018, "at which time Mr. Garcia was also awarded 149 days of pre-sentence confinement credit, resulting in a final sentence of 393 days." Objections at 3. Garcia says that the charge for which he was sentenced "allows for up to 50% earned meritorious deductions good time." Objections at 3. Garcia avers that, with this reduction, he would have been released from State custody on April 24, 2019; without the reduction, he would have been released on November 6, 2019. See Objections at 3. "Therefore," Garcia asserts that he should receive credit towards his federal sentence. Objections at 3. Garcia argues that, "[b]ut for Mr. Garcia's detention on [the federal charges], he would have been released from custody" in April, 2019. Objections at 3. Garcia accordingly "requests a variance of eight months to credit him for the time he has spent in federal

custody but that he will not receive credit for because he is being held on a writ from State custody." Objections at 3. The United States does not respond to Garcia's argument on this point.

Although Garcia presents his argument as an objection to the PSR, the Court construes his argument as a request for a variance. See Objections at 3 (requesting "a variance of eight months"). The USPO responds with its Addendum to the Presentence Report, filed December 17, 2019 (Doc. 37)("Addendum"). In the Addendum, the USPO notes that the BOP ultimately calculates credit for time served. See Addendum at 1. The USPO relates, however, that it contacted the New Mexico Department of Corrections, which responded:

> [Garcia] is on in-house parole currently as of 5/26/2019; however, he has not earned any goodtime since April 2, 2019, due to the fact that he is out with the Marshals. . . . [S]o as of right now he will discharge on 5/26/2020 unless he returns to our custody and starts earning goodtime.

Addendum at 1.

The Court has no authority to instruct the BOP how to calculate Garcia's time-served credit. 18 U.S.C. § 3585(b) provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Section 3585(b) also provides that this time served credit must not have been "credited against another sentence." 18 U.S.C. § 3585(b). The Supreme Court of the United States of America held, in United States v. Wilson, that a district court may not award credit at sentencing, because "Congress has indicated that computation of the credit must occur after the defendant begins his sentence." 503 U.S. 329, 333 (1992). Accord United States v. Glaze, 132 F.3d 43, 1997 WL 774787, at *1-2 (10th Cir. 1997)(unpublished table decision)("On appeal, Mr. Glaze argues that in light of 18 U.S.C. § 3585(b), the district court erred in refusing to award him credit for time served in detention. . . . [I]t was entirely proper for the district court, at sentencing, to

decline to award Mr. Glaze credit for time served and to leave that determination to the Bureau of Prisons.")(citing United States v. Wilson, 503 U.S. at 333); United States v. Rodriguez, 2011 WL 6831907, at *7 (D.N.M. Dec. 28, 2011)(Browning, J.)("The Court has no authority to tell the BOP how to calculate Rodriguez' credit for the time he has served in state custody, but will make sure that the cover page to the PSR accurately reflects the time he has served."). Although the Court has no authority to advise the BOP how to calculate Garcia's credit for the time he has served in state custody, the Court will make sure that the PSR's face page is accurate and will consider Garcia's objection and variance request when it determines his sentence for this offense.

Finally, in cases where a defendant has completed serving a term of imprisonment, but in which U.S.S.G. § 5G1.3(b) would have applied had the defendant's term been undischarged at the time of his federal sentencing, the Guidelines authorize a court to fashion a downward departure to achieve a reasonable sentence. See U.S.S.G. § 5K2.23. To come under the auspices of § 5G1.3(b), a defendant's earlier imprisonment must have been for conduct relevant to the federal offense with which he is charged and that conduct must be the basis for an increase in sentencing level with respect to the federal offense. Here, Garcia's earlier imprisonment at the Santo Domingo Pueblo is related to this case, but that conduct was not a basis for an increase in Garcia's sentencing level for this case. See PSR at 12. The Court will, however, consider carefully Garcia's objection and variance request in light of his earlier imprisonment, along with the § 3553(a) sentencing objectives, when it determines his sentence for this offense.

**IT IS ORDERED** that Mr. Garcia's Sentencing Memorandum and Objections to Pre-Sentence Report, filed December 2, 2019 (Doc. 35), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

John C. Anderson
  United States Attorney
Joseph M. Spindle
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Nicole W. Moss
Law Offices of Nicole W. Moss, LLC
Albuquerque, New Mexico

    *Attorney for the Defendant*